(No. 4161

LUCY M. O'DONNELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1949.*

LUCY M. O'DONNELL, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Lucy M. O'Donnell, seeks to recover under the provisions of the Workmen's Compensation Act for 8-2/7 weeks of temporary total disability as a result of a fall on ice in the performance of her duties as a child welfare worker in the Department of Public Welfare, Division of Child Welfare.

On the day the accident occurred, claimant was investigating at various homes cases assigned to her, and there can be no question from the record but that her injuries to her back resulted from an accident arising out of and in the course of her employment. Because of a pre-existing arthritis, claimant during the winter of 1948 did not respond to the treatment of her attending physician, Dr. William E. Guinea, who recommended to her that she go to Florida to obtain the benefits of warmth and sunshine. This claimant did, and it is for the period of time that she was absent from her employment, on her doctor's recommendation, that she seeks recovery for temporary total disability.

Claimant was paid her full rate of pay for two weeks' vacation and sick leave, and strictly speaking, she might be entitled to a greater allowance for temporary total disability than she claims in her complaint, but she testified directly at the hearing before Commissioner Young that all she was claiming was 8-2/7 weeks of temporary total disability compensation. Under such circumstances, we do not feel free to enlarge her recovery.

The evidence also shows that claimant paid Dr. Guinea the sum of $75.00 for his professional services and expended the further sum of $50.00 for drugs prescribed in the course of her treatment. Such expenditures were reasonable and claimant is entitled to recovery for them.

A. M. Rothbart, 120 South LaSalle Street, Chicago, Illinois, was employed to take and transcribe the evidence before Commissioner Young. Charges in the amount of $45.30 were incurred for such services, which charges are fair, reasonable and customary. An award is therefore entered in favor of A. M. Rothbart for such sum.

Claimant's rate of pay was such as to entitle her to

the maximum amount per week under the Workmen's Compensation Act, and she had no persons dependent upon her for support.

An award is entered in favor of claimant, Lucy M. O'Donnell in the sum of $286.57, all of which is accrued and payable forthwith, and is made up as follows:

8 2/7 weeks at $19.50 per week, or $161.57 and a further sum of $125.00 for doctor's professional services and drugs.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."